IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC A. THOMAS, | | |
| | Plaintiff, | No. CIV S-09-0814 WBS DAD P |
| vs. | | |
| M.S. EVANS, et al., | | ORDER AND |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $9.12 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

1 the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of
2 twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3 These payments will be collected and forwarded by the appropriate agency to the Clerk of the
4 Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
5 full.  See 28 U.S.C. § 1915(b)(2).

I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

II. Plaintiff's Complaint

Plaintiff claims that his due process rights were violated when defendants failed to timely respond to his inmate grievances.  Plaintiff alleges that he submitted grievances seeking an alternative test for tuberculosis screening.  Plaintiff also claims that he was subjected to cruel and unusual punishment when he was not allowed to choose among the method for his tuberculosis testing.  Lastly, plaintiff claims that defendants' failure to respond to his grievances

/////

1   in this regard demonstrates defendants' "deliberate indifference toward the plaintiff constituting a
2   form of cruel and unusual punishment[.]" (Compl. at 5[1]) (emphasis in original).
3   III. Discussion
4       A.   Failure to Respond to Grievances
5           Plaintiff contends that defendants' failure to respond in a timely fashion to his
6   grievances violates his due process rights. Plaintiff's allegations in this regard fail to state a
7   cognizable cause of action. Prisoners do not have a "separate constitutional entitlement to a
8   specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)
9   (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Even the non-existence of, or the
10  failure of prison officials to properly implement an administrative appeals process within the
11  prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th
12  Cir. 1988); see also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932
13  F.2d 728, 729 (8th Cir. 1991); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) ("[A
14  prison] grievance procedure is a procedural right only, it does not confer any substantive right
15  upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the
16  procedural protections envisioned by the fourteenth amendment."). State regulations give rise to
17  a liberty interest protected by the Due Process Clause of the federal constitution only if those
18  regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on
19  the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472,
20  484 (1995). Further, while prisoners have a First Amendment right to file prison grievances, they
21  do not have a right to any particular response thereto. McDonald v. Smith, 472 U.S. 479, 482
22  (1985); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); Apple v. Glenn, 183 F.3d 477, 479-
23  80 (6th Cir. 1999) (holding that plaintiff who alleged public officials violated his First
24  Amendment right to petition the government by not responding to his letters or taking the actions

---

[1] Because plaintiff's complaint is not numbered in numerical order, the court refers to the page numbers of the complaint as they appear in the court's electronic filing system.

requested therein failed to state a claim). The California Code of Regulations, title 15 section 3084, "simply require[s] the establishment of a procedural structure for reviewing prisoner complaints and sets forth no substantive standards; instead, they provide for flexible appeal time limits, and, at most, that no reprisal shall be taken against an inmate or parolee for filing an appeal." Seals v. Mitchell, No. C 04-3764 SBA (PR), 2007 WL 1795706, at *4 (N.D. Cal. June 20, 2007) (internal quotation marks and citations omitted). For these reasons, plaintiff's complaint fails to state a cognizable due process claim.

In addition, plaintiff's allegation that defendants' failure to respond to his grievances subjected him to cruel and unusual punishment, fails to state a cognizable claim. Plaintiff has cited no legal authority supporting such a claim under the Eighth Amendment and the court is aware of no such authority.

B. Tuberculosis Testing

Plaintiff also alleges that he was subjected to cruel and unusual punishment when he was not allowed to choose the method of testing used in his screening for tuberculosis. Apparently, plaintiff preferred an alternate method for tuberculosis testing because of his "fear that the injecting of the tuberculosis bacterium into his body can cause some physical harm which can not be determined to any ceratin degree but the mere potential is enough to cause some worry." (Compl. at 3.) Plaintiff subsequently was administered the tuberculosis skin test and suffered no adverse effects.

"Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however." Whitley v. Albers, 475 U.S. 312, 319 (1986). It is "unnecessary and wanton infliction of pain" that constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Id.; see also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319. Where a prisoner's

Eighth Amendment claims arise in the context of medical care, a mere difference of opinions between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim.  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff's allegation that the Eighth Amendment provides him the right to choose the method for tuberculosis testing fails to state a cognizable claim.  See Johnson v. Watson, 303 Fed. Appx. 79, 80-81, 2008 WL 5237261 (3d Cir. Dec. 17, 2008) (finding no cognizable Eighth Amendment claim where prisoner asserted that his request for an alternative type of tuberculosis test was denied by prison authorities).  Plaintiff provides no medical reason requiring the administration of an alternative test and there is no suggestion that the tuberculosis test actually administered to plaintiff was not harmful to him.  Plaintiff does not allege otherwise.  Therefore, plaintiff's allegations reflect a mere difference of opinion on his part with the medical staff as to the appropriate tuberculosis test to administer.  Such an Eighth Amendment claim is not cognizable.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 24, 2009 application requesting leave to proceed in forma pauperis is granted; and

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee of $9.12.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim.

/////

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, plaintiff may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7  F.2d 1153 (9th Cir. 1991).

DATED: November 2, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
thom0814.fsc